S. BRETT SUTTON 143107
JARED HAGUE 251517
JOSEPH V. MACIAS 273168
SUTTON HAGUE LAW CORPORATION
6715 N. Palm Avenue, Suite 216
Fresno, California  93704
Telephone:  (559) 325-0500

Attorneys for Plaintiff: STEVE TURK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * *

| | |
|---|---|
| STEVE TURK, an individual, | Case No. 2:16-cv-00783-MCE-DB |
| Plaintiff, | ORDER PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT |
| vs. | |
| GALE/TRIANGLE, INC. a New Jersey corporation; and PERFORMANCE TEAM FREIGHT SYSTEMS, INC., a California corporation; and Does 1 through 50, inclusive, | Date:       September 29, 2016<br>Time:       2:00 p.m.<br>Courtroom: 7 |
| Defendants. | Judge:   Hon. Morrison C. England, Jr. |

Sutton Hague
Law Corporation
6715 N. PALM AVENUE
SUITE 216
FRESNO, CA 93704

1

ORDER PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT

## I. RECITALS

WHEREAS, this action is pending before this Court as a putative class action (the "Action"); and

WHEREAS, the Parties have jointly applied to this Court for an order preliminarily approving the settlement of the Action in accordance with a Class Settlement Agreement (the "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the Parties' Joint Motion for Preliminary Approval, Memorandum of Points and Authorities, declarations and Request for Judicial Notice in support thereof and the exhibits annexed thereto.

## II. FINDINGS

After review and consideration of the Parties' Settlement and the papers in support of the Preliminary Approval Motion, the Court finds as follows:

1. That certification of the Settlement Class solely for purposes of Settlement is appropriate in that: 1) the Class Members are so numerous that joinder of all Class Members is impracticable; 2) there are questions of law and fact common to the Class which predominate over any individual questions; 3) Plaintiff's claims are typical of the claims of the Settlement Class; 4) Plaintiff and his counsel have fairly and adequately represented and protected the interests of the Class; and 5) a class action, and class-wide resolution of the action via class settlement procedures is superior to other available methods for the fair and efficient adjudication of the controversy.

2. That the Settlement, and the obligations of the Parties set forth therein, is fair, reasonable, and is an adequate settlement of this case and is in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. That Plaintiff does not have any conflicts that would preclude him from serving as Class Representative, and that his appointment comports with the requirements of due process.

///

4. That Counsel for Plaintiff does not have any conflicts that would preclude them from acting as Class Counsel, and that they meet the requirements of the Federal Rules of Civil Procedure for appointment as Class Counsel and the requirements of due process.

5. That Plaintiff's proposed plan for class notice and settlement administration is the best notice practicable under the circumstances and is in full compliance with the Federal Rules of Civil Procedure and the requirements of due process, and that the Notice of Class Action Settlement complies with the Federal Rules of Civil Procedure and the requirements of due process, and is appropriate as part of the proposed plan for notice to Class Members.

6. That the Settlement provides for an incentive award to Plaintiff of up to $10,000, whereas the Notice of Class Action Settlement (Sections 8 and 20) provides for an incentive award of up to $7,500.

7. That Section 11 of the Notice of Class Action Settlement mistakenly provides that the final approval hearing will be in the Northern District of California, and Section 22 mistakenly provides that Judge Strauss will preside over that hearing.

### III. ORDER

IT IS HEREBY ORDERED as follows:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the proposed Settlement of this action, as embodied in the terms of the Settlement attached to the Preliminary Approval Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement is incorporated by reference into this Order and is hereby preliminarily adopted as an Order of this Court.

2. Solely for the purpose of the Settlement, the Court hereby preliminarily certifies the stipulated Settlement Class as defined within the Settlement.

3. PLAINTIFF is hereby preliminarily appointed as Class Representative.

4. S. Brett Sutton and Jared Hague of Sutton Hague Law Corporation, P.C. are preliminarily appointed as Class Counsel.

5. Simpluris, Inc. is appointed as the Claims Administrator.

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

2
ORDER PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT

6. Plaintiff's proposed plan for class notice and settlement administration is approved and adopted and the Notice of Class Action Settlement is approved and adopted.

7. No later than seven (7) days after entry of this Order, Defendants shall provide the Claims Administrator with a list of Class Members containing names, social security numbers, and last-known addresses.

8. No later than ten (10) days after entry of this Order, the Claims Administrator shall send the initial mailing to the Class, including the Notice of Class Action Settlement ("Initial Mailing"). The Initial Mailing will be mailed via first-class mail.

9. Within twenty-eight (28) days after the Initial Mailing, the Claims Administrator shall determine whether any Class Notice is returned as Undeliverable. If so, the Claims Administrator shall perform at least one of two methods of skip-tracing (a search of the NCOA database and/or a search through Experian) to locate the most accurate address of the intended recipient. If the Initial Mailing is not returned as Undeliverable within 28 days of the Initial Mailing, it shall be presumed that the intended member of the Settlement Class has received the Initial Mailing.

10. Any objections to the Settlement or requests for exclusion may be made in writing and filed with the Court and served on Class Counsel and Defense Counsel no later than forty-five (45) days from the date upon which the Claims Administrator issues the Initial Mailing.

11. Plaintiff shall file a Motion for Attorneys' Fees and Costs on or before December 12, 2016, such that the Class Members will have at least twenty-one (21) days prior to the deadline to respond to the Class Notice to evaluate Class Counsel's attorney fee request.

12. Plaintiff shall file a Motion for Final Approval, including any information intended to support his request for an incentive award, and cost of Settlement Administration, on or before January 12, 2016.

13. The hearing for Plaintiff's Motion for Final Approval of Settlement and Release Agreement is hereby scheduled for February 23, 2016 at 2:00 p.m. in Courtroom 7.

///

///

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA  93704

3

ORDER PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT

14. The Notice of Class Action Settlement shall be revised as follows prior to mailing:

    a. Sections 8 and 10 shall provide for an incentive award to Plaintiff of up to $10,000.

    b. Section 11 shall provide that the final approval hearing will be in the Eastern District of California.

    c. Section 22 shall provide that the final approval hearing will be before Judge Morrison C. England.

IT IS SO ORDERED.

Dated: November 17, 2016

*[signature]*
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

Sutton Hague
Law Corporation
6715 N. Palm Avenue
Suite 216
Fresno, CA 93704

4

ORDER PRELIMINARILY APPROVING SETTLEMENT AND RELEASE AGREEMENT